SAMUEL H. PARKER v. DAN P. PEABODY.

*Sheriff's Deputy. Void Levy. Measure of Damages. Officer's Return.*

In an action against a sheriff for the default of his deputy in levying an execution on real estate, the measure of damages is the *actual* value of the real estate lost by the void levy, and not the amount agreed upon by the appraisers as shown by the officer's return.

ACTION on the case for the default of the defendant's. deputy. Heard on a referee's report, September Term, 1882, Rutland County, VEAZEY, J., presiding. Judgment *pro forma* for the plaintiff to recover $332.54,—the amount of the plaintiff's execution, the levy of which was void. There was a mortgage on the land for $516.34.

The return on the execution stated that the appraisers appraised the land subject to said incumbrance at $364.58. The referee found that the total actual value of the land was $650, making the actual value less the incumbrance $133.64. The referee found:

"Before the levy was completed the execution creditor had made arrangement to sell the land, provided it was not redeemed for enough above the amount of the said mortgage to pay the judgment in that suit, and could have so sold it if the land had come into his hands under the levy.

"Said Benj. F. (the execution debtor) had no other attachable property at that time and had none since.

"But the parties who would have paid such a price for it were especially interested to get this land.

"Independent of these facts, and of the salable value which their desire and offer for the land gave it, which would have been available to the creditor as aforesaid, the actual value of the land was $650.00. I find this fact, independently of some evidence that was objected to by the plaintiff in addition to the general objection above stated.

"The said sum is the total value as aforesaid, not the value of the equity of redemption.

"The evidence especially objected to as aforesaid, was to the effect that the appraisers in the levy first reported their appraisal to be about one hundred dollars more than the said mortgage, the exact amount did not appear, and then upon suggestion and request of the execution creditor changed their appraisal, and made it enough to cover the mortgage and said judgment; said

---

---

creditor wanted this done, so that if the debtor redeemed he would have to pay the whole judgment.

"This evidence was not contradicted and I find the facts to be as testified to."

The other facts are stated in the opinion of the court.

*W. C. Dunton,* for the defendant.

The defendant is not estopped by the return from showing the value of the land. *Stimson* v. *Farnham,* 7 L. R. Q. B. 175; 15 Q. B. 1004; *Ordway* v. *Bacon,* 14 Vt. 378; *Abbott* v. *Edgerton,* 30 Vt. 208; *Green* v. *Shurtliff,* 19 Vt. 592. The measure of damages is the real value of the land at the time of the levy. 12 Mass. 162; Wood Mayne Dam. s. 638; 1 M. & W. 720; 9 Bing. 740; 5 Vt. 136; 34 N. H. 261; 2 Bibb (Ky.) 186; 4 Q. B. 580; 5 N. H. 433; 16 Pick. 64; Sedg. Dam. 593; 1 Vt. 423; 7 N. Y. 550; 31 Vt. 311; 18 Vt. 454; 19 Vt. 546; 14 Vt. 40; 1 L. R. C. P. 329. *See Parker* v. *Parker,* 54 Vt. 341.

*Joel C. Baker,* for the plaintiff.

The old rule was that when an officer neglected to return an execution in season to charge bail, he was liable for the whole amount of the execution. *Turner* v. *Lowry,* 2 Aik. 72; *Hall* v. *Brooks,* 8 Vt, 485; but this rule is somewhat relaxed, unless the neglect is gross. *Blodgett* v. *Brattleboro,* 30 Vt. 578.

The levy was void; and hence the plaintiff has no remedy against the land. *Parker* v. *Parker,* 54 Vt. 341; *Willard* v. *Whipple,* 40 Vt. 219; *Perrin* v. *Reed,* 33 Vt. 62; *Morton* v. *Edwards,* 19 Vt. 77; *Hall* v. *Hall,* 5 Vt. 304. The officer cannot now be allowed to say that his return is not true as to the value of the land levied upon. R. L. s. 1571. If the debtor redeems he must pay what the land was appraised for. R. L. s. 1575; *Fairbanks* v. *Devereaux,* 48 Vt. 550. The referee has found that the creditor could have sold the land—if it had come into his possession—for enough to pay his execution. The highest price the land could have been sold for is the measure of damages. *Noyes* v. *Fitzgerald,* 55 Vt. 49.

The opinion of the court was delivered by

Powers, J.   This is an action on the case for the default of the defendant's deputy sheriff in the levy and set-off of real estate upon an execution in favor of the plaintiff against one Benj. F. Parker.

The default complained of arose from the deputy's neglect to cause the execution with his return of doings thereon to be recorded in the town and county clerk's offices within its life, whereby the land levied upon was lost to the execution creditor.

This neglect of official duty is conceded by the defendant; and the only question reserved for our determination is as to the measure of the plaintiff's damages.   The plaintiff insist that the value fixed by the appraisers is the true measure of damages, while the defendant claims that the actual value of the land is the proper measure.

The return of the officer is conclusive upon him respecting all acts therein certified to have been done *by him.*   The appraisal of the land is not made by him, but by a board of disinterested men selected as the law requires.   This board reports its action to the officer and he certifies it in his return as their acts.   Such appraisal is conclusive, unless impeachable for legal cause, upon the parties to the execution; but if fraudulently or corruptly made, or honestly made, it is a proceeding without the control and beyond the dictation of the officer.

If the officer had wholly neglected to make the levy the creditor would recover what he has lost by such omission, namely : the actual value of the land which should have been set off.   The default in this case worked precisely this result, the officer neglected to make a legal levy, and so in legal sense made no levy, and the land was wholly lost to the creditor.   The proper measure of damages therefore is the fair market value of the land, at the time the default occurred.

The *pro forma* judgment of the County Court is reversed, and judgment on the report for the plaintiff for $133.66 (the value of the land less the encumbrance) and interest from the date of the officer's return.